**Cornelius BELL, Petitioner— Appellant,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent— Appellee.**

No. 06–72755.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 23, 2007.

Cornelius Bell, Las Vegas, NV, pro se.

Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, John A. Nolet, Esq., Eileen J. O'Connor, Esq., DOJ–U.S. Department of Justice, Tax Division, Robert R. Di Trolio, Washington, DC, for Respondent–Appellee.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Cornelius Bell appeals pro se from the United States Tax Court's decision which denied his petition for redetermination of federal income taxes owed for tax year 2002. We have jurisdiction under 26 U.S.C. § 7482(a), and we affirm.

We review de novo the Tax Court's conclusions of law, and for clear error, its

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

findings of fact. *DHL Corp. v. Comm'r,* 285 F.3d 1210, 1216 (9th Cir.2002).

The Tax Court properly upheld the Commissioner's deficiency assessment based on a finding that Bell was required to pay taxes on his disability benefit income under 26 U.S.C. § 105(a) because his employers had paid the entire cost of his disability plan. While Bell contended that he had paid for the coverage, the evidence supports the Tax Court's finding that payments made by Bell during that year were for his health plan coverage and not for the disability plan, making the disability benefit income taxable. *See Beisler v. Comm'r,* 814 F.2d 1304, 1307 (9th Cir.1987) (en banc) (amounts employee receives from employer-funded benefit plan are included in the employee's gross income).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.